UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-10555 |
| | ) | |
| JUAN CASTANETA and | ) | |
| EMJ TRANSPORT COMPANY, | ) | **Plaintiff Demands a Jury Trial** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Steven Swanson ("Swanson"), by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Juan Castaneta ("Castaneta") and EMJ Transport Company ("EMJ"), states as follows:

### Venue and Jurisdiction

1. The Plaintiff is a citizen of the State of Wisconsin.

2. The Defendant, EMJ, is a corporation incorporated under the laws of the State of Illinois, County of Will, and has its principal place of business in the State of Illinois, and is therefore a citizen of the State of Illinois.

3. The Defendant, Casteneta, is a citizen of the State of Illinois, County of Cook.

4. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

5. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Facts Common to All Counts

7. At all relevant times herein, Defendant EMJ was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

8. At all relevant times herein, Defendant Castaneta was a professional truck driver employed by EMJ.

9. At all relevant times, Defendant Castaneta was driving for and/or on behalf of Defendant EMJ.

10. At all relevant times herein, Castaneta was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

11. On or about January 6, 2015, Swanson was driving southbound on US Interstate 65, near mile marker 199.

12. At the aforementioned time and place, EMJ was the owner of a 1993 Peterbilt Semi Truck, US DOT Number 2402875 (hereinafter "Semi Truck"), being driven by its agent and servant, Defendant Castaneta, southbound on US Interstate 65 near mile marker 199, and behind Swanson, in Jasper County, Indiana.

13. The Plaintiff at all relevant times herein was exercising due care for his own safety.

## COUNT I
## Negligence against Castaneta

14. The Plaintiff hereby adopts and re-alleges paragraphs 1-13 as though fully set forth herein.

15. At said time and place, it was the duty of the Defendant, Castaneta, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Swanson.

16. Notwithstanding the foregoing duty, the Defendant, Castaneta, did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a) operated the Semi Truck at a speed too great for conditions prevailing;

    b) exceeded a safe speed for the present road conditions, which were icy and with blowing snow;

    c) failed to keep a proper lookout;

    d) followed the Plaintiff's vehicle too closely;

    e) failed to avoid a collision with the vehicle operated by Plaintiff;

    f) failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

    g) struck the vehicle occupied by the Plaintiff;

    h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and

    i) failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

17. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Castaneta did violently collide with the vehicle driven by the Plaintiff, Swanson, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and

damage:

a) bodily injury;

b) pain and suffering;

c) lost wages and injury to earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Swanson, prays for judgment against the Defendant, Castaneta, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT II
### Negligence against EMJ Transport Company (Respondeat Superior)

18. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

19. At said time and place, Defendant Castaneta was operating the Semi Truck under the authority and control of his employer or contractor, EMJ Trucking.

20. At said time and place, Defendant Castaneta was operating the Semi Truck with the consent of EMJ.

21. At said time and place, Defendant Castaneta was operating the Semi Truck in the course and scope of his employment with EMJ.

22. At said time and place, it was the duty of Defendant EMJ, by and through its agent or employee, Defendant Castaneta, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Swanson.

23. Notwithstanding the foregoing duty, the Defendant, EMJ, by and through its

agent or employee, Defendant Castaneta, did own, operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

- a) operated the Semi Truck at a speed too great for conditions prevailing;
- b) exceeded a safe speed for the present road conditions, which were icy and with blowing snow;
- c) failed to keep a proper lookout;
- d) followed the Plaintiff's vehicle too closely;
- e) failed to avoid a collision with the vehicle operated by Plaintiff;
- f) failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;
- g) struck the vehicle occupied by the Plaintiff;
- h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and
- i) failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

24. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Castaneta in the course of his employment with EMJ did violently collide with the vehicle driven by the Plaintiff, Swanson, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

- a) bodily injury;
- b) pain and suffering;
- c) medical expenses; and
- d) disability or loss of normal life.

WHEREFORE, the Plaintiff, Swanson, prays for judgment against the Defendant, EMJ, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT III
### Direct Negligence against EMJ Transport Company

25. The Plaintiff hereby adopts and re-alleges paragraphs 1-24 as though fully set forth herein.

26. The Defendant, EMJ, had the duty to act reasonably in hiring, training, and retaining Defendant Castaneta to operate the Semi Truck.

27. The Defendant, EMJ, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Castaneta, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

28. Notwithstanding the foregoing duties, the Defendant, EMJ, did breach said duties in one or more of the following ways:
    a) knew or should have known that Castaneta was unfit to operate the Semi Truck;
    b) allowed Castaneta to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;
    c) did not take appropriate action in training Castaneta;
    d) did not take appropriate action in disciplining or re-training Castaneta when it knew or should have known Castaneta failed to comply with various rules and regulations;
    e) did not remove Castaneta from duties after it knew or should have known Castaneta was unfit for the job; and
    f) did not provide supervision of Castaneta when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

29. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant EMJ and driven by Defendant Castaneta did violently collide with the vehicle occupied by the Plaintiff, Swanson, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:
    a) bodily injury;

b) pain and suffering;

c) lost wages and earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Swanson, prays for judgment against the Defendant, EMJ, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted,

By: **/s/ Brett A. Manchel**

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
brett@levinsonstefani.com
ARDC Number: 6309601